UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | 4:18-cr-00103 |
| | § | |
| v. | § | |
| | § | |
| CARLOS OTAVIO GUIMARAES | § | |
| And | § | |
| JEMIMA DA ROCHA GUIMARAES, | § | |
| Defendants. | | |

### UNITED STATES' MEMORANDUM IN SUPPORT OF DENIAL OF THE DEFENDANTS' RENEWED RULE 29 MOTION

The United States respectfully requests that this Court deny Defendants' Renewed Rule 29 Motion. The evidence presented at trial was more than sufficient to sustain Defendants' convictions. Defendants' argument to the contrary relies on abrogated precedent, misrepresentation of the Government's position at trial [1], and ignoring the applicable legal standards. The Rule 29 motion is meritless; the Jury's verdict should stand.

When a defendant challenges the sufficiency of the evidence, the verdict will be upheld if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Vargas–Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In determining whether any rational juror could have rendered a guilty verdict, all evidence, circumstantial or direct, is viewed in the light most favorable to the Government and all reasonable inferences are to be drawn in support of the jury's verdict. *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). It is not necessary that the

---

[1] The United States has always maintained that any violence attributable to Christopher Brann was committed in self-defense and therefore would not meet the definition of domestic violence as stated in the instructions to the jury. There were numerous accounts of domestic violence perpetrated against Christopher Brann by Marcelle Guimaraes where he did not defend himself.

1

evidence exclude every reasonable hypothesis of innocence. *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013). The jury may choose among reasonable constructions of the evidence and the weight and credibility of the evidence are the sole province of the jury. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007); *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007). Accordingly, when reviewing the sufficiency of the evidence, a court is not to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather whether any rational juror could have so concluded. *Jackson v. Virginia*, 443 U.S. at 318-19.

While Defendants acknowledge the standard above, they also argue that a court may set aside a jury's verdict where evidence gives equal circumstantial support to a theory of guilt and a theory of innocence. *See* Defendants' Br. at 2 and 6, (citing *United States v. Hernandez-Bautista*, 293 F.3d 845, 853 (5th Cir. 2002) *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995)). That is wrong. The doctrine upon which defendants seek to rely is known as the "equipoise rule." The Fifth Circuit, sitting en banc, explicitly abandoned its use in 2014. *See Vargas–Ocampo*, 747 F.3d at 301–02 ("We abandon use of the 'equipoise rule.'").[2] In rejecting the equipoise rule, the Fifth Circuit held that a court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* Accordingly, because viewing the evidence in the light most favorable to the Government a rational juror could have found the essential elements of the crime beyond a reasonable doubt, Defendants fail to show

---

[2] *Vargas-Ocampo* involved an appellate challenge to the sufficiency of the evidence; nothing suggests, however, that the equipoise rule remains viable in the context of Rule 29 in light of the Fifth Circuit explicitly rejecting the doctrine. *See Vargas-Ocampo*, 747 F.3d at 302 (noting effect on lower courts of abandoning equipoise rule); *see also, United States v. Lucio,* 428 F.3d 519, 522 (5th Cir. 2005) ("A motion for judgment of acquittal [under Rule 29] challenges the sufficiency of the evidence to convict."); *United States v. Sanchez*, 961 F.2d 1169, 1179 (5th Cir. 1992) ("In reviewing a Rule 29 motion, [the Fifth Circuit] utilize[s] the same standard as the district court.").

any basis for upsetting the jury's verdict.

Defendants' core argument is that because there was some evidence of violence in the relationship between Christopher Brann and Marcele Guimaraes, any rational juror could *only conclude* that Defendants had proven their affirmative defense, namely that the Defendants had participated in the international kidnapping of their grandson in order to help Marcele Guimaraes flee from an incident or pattern of domestic violence. That argument ignores the deference owed to the jury's verdict and turns this Court's standard of review on its head. Rather than viewing the evidence in the light most favorable to the jury's verdict, Defendants seek to have this Court analyze the evidence and draw inferences in favor of their affirmative defense. Binding Fifth Circuit precedent forecloses that approach.

Contrary to Defendant's arguments, the jury was free to choose among reasonable constructions of the trial evidence and this Court must presume that it chose reasonable constructions that support Defendants' convictions. *Mitchell*, 484 F.3d at 768; *Terrell*, 700 F.3d at 760. For example, because Marcele Guimaraes did not abscond with her son until a year after the most recent allegation of violence, the jury reasonably could have drawn the inference that she was not fleeing an incidence or pattern of domestic violence, but rather was seeking to attend her brother's wedding as the Rule 11 agreement was premised on. Similarly, the jury could have inferred that her amended petition for divorce claiming domestic violence was filed in retaliation for the drug allegations made against her by the nanny and to shore up her position to gain custody and permission from the Court to relocate to Brazil. The jury was also privy to the Harris County Texas District Court opinion finding Marcelle Guimaraes' claims false and malicious and the jury could have inferred from that, in conjunction with the testimony presented, that she was not fleeing domestic violence or that Marcelle Guimaraes perpetrated the only domestic violence in the

3

marriage.  Finally, the jury could have inferred that the email, Defendants Exhibit 7 at trial, was exactly what Christopher Brann testified to, an acquiescence to a request by Marcelle Guimaraes to document his actions as part of the therapeutic process of the marriage counseling in which they were participating.   Given the manner in which it was written, it was possible for the jury to infer this was not an email written in a natural manner in the normal course of a relationship.   Further, in deciding Defendants' Rule 29 motion this Court must presume that the jury drew each of those inferences in favor of the verdict and must defer to the jury's resolution of those matters. In light of these inferences, Defendants' challenge to the verdict is meritless.

A claim of domestic violence is not, in and of itself, a free pass.  The jury made a determination that either there was no domestic violence or, if there was, Marcelle Guimaraes was not fleeing from it when she went via a Rule 11 agreement to Brazil to attend her brother's wedding, and therefore the Defendants could not reasonably believe she was fleeing an incidence or pattern of domestic violence.

There is no requirement that a jury accept a defense, affirmative or otherwise, merely because it is presented. This Court informed the jury of the importance of their role in our criminal justice system. The Fifth Circuit recognizes that importance, in part, through the high degree of deference afforded to the jury's decisions.   Therefore, the question is not whether this Court would have made the same decision as the jury if it were sitting as the trier of fact, but rather whether the jury was wholly unreasonable in reaching its verdict. *United States v. Vargas–Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The jury performed an invaluable service with their hard work and determination; their verdict should not be disturbed, as there is no legal reason to do so.   As such, the United States

4

respectfully requests that the Court deny the Defendants' Renewed Rule 29 Motion and ratify the jury's guilty verdicts as to Count Two of the Indictment - International Parental Kidnapping – as to both Carlos and Jemima Guimaraes.

                                        Respectfully submitted,

                                        RYAN K. PATRICK
                                        UNITED STATES ATTORNEY

                                        *s/ Sherri L. Zack*
                                        Sherri L. Zack
                                        Assistant United States Attorney
                                        (713) 567-9374

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of May, 2018, a copy of the United States' motion for reciprocal discovery was sent to counsel for defendant via ECF.

                                        *s/ Sherri L. Zack*
                                        Sherri L. Zack
                                        Assistant United States Attorney

Rusty Hardin, Jr.
Jennifer Brevorka
1401 McKinney
Suite 2250
Houston, Texas 77010

James Madison Ardoin, III
Jones Walker, LLP
811 Main Street
Suite 2900
Houston, TX 77002