UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:18-CR-103 |
| CARLOS OTAVIO GUIMARAES, *et al*, | § § § | |
| Defendants. | § § | |

### ORDER

Before the Court is Defendants Carlos and Jemima Guimaraes' Oral Motion for Acquittal under Federal Rules of Criminal Procedure 29. Defendants also filed a Joint Memorandum of Law in Connection with Defendants' Renewed Rule 29 Motion (Doc. #136), and the Government filed a Response to said Memorandum (Doc. #143). Having considered the arguments made by counsel and the applicable law, the Court denies Defendants' Motion.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to convict.'" *United States v. Hope,* 487 F.3d 224, 227 (5th Cir.2007) (quoting *United States v. Lucio,* 428 F.3d 519, 522 (5th Cir.2005)). "When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Uvalle–Patricio,* 478 F.3d 699, 701 (5th Cir.2007) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). "The evidence is sufficient to support the conviction if, when viewing the evidence and any valid inferences from the perspective favorable to the verdict, 'a rational juror could have found [the] defendant [ ] guilty beyond a reasonable doubt.'" *United States v. Adams,* 338 Fed. Appx. 417, 420 (5th Cir.2009) (per curiam) (quoting *United States v. Anderson,* 174 F.3d 515,

522 (5th Cir.1999)). "The jury makes credibility determinations and can find guilt even when some 'reasonable hypothesis of innocence' could be said to exist." *Id.* (quoting *United States v. Mitchell,* 484 F.3d 762, 768 (5th Cir.2007)). "Accepting or rejecting [the testimony of witnesses] [is a] matter [ ] for the evaluation of the jurors. It is the jury's unique role to judge the credibility of witnesses, evaluate witnesses' demeanor, resolve conflicts in testimony, and weigh evidence in drawing inferences from the facts." *Id.* (citation omitted) (citing *United States v. Millsaps,* 157 F.3d 989, 994 (5th Cir.1998)). When viewing the evidence in the light most favorable to the government, the court "accept[s] all reasonable inferences which tend to support the jury's verdict." *United States v. McDow,* 27 F.3d 132, 135 (5th Cir.1994). "'The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.'" *United States v. Anderson,* 174 F.3d 515, 522 (5th Cir.1999) (quoting *United States v. Burton,* 126 F.3d 666, 669–70 (5th Cir.1997)).

Applying the relevant standards, the Court holds that a rational juror could have found Carlos and Jemima Guimaraes guilty beyond a reasonable doubt on Count 2 of the Indictment. Further, the Court finds that a reasonable juror could have found that Defendants did not prove the affirmative defense of "fleeing an incidence or pattern of domestic violence" by a preponderance of evidence. Accordingly, Defendant's Motion for Acquittal is DENIED.

It is so ORDERED.

JUN 0 4 2019
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2