United States District Court
Southern District of Texas
**ENTERED**
July 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. 4:18-CR-103 |
| CARLOS OTAVIO GUIMARAES, *et al*, | § § § | |
| Defendants. | § § § | |

## ORDER

Before the Court is Defendants Carlos and Jemima Guimaraes' Motion for New Trial (Doc. #146), and the Government's Response to said Motion (Doc. #158). Having considered the arguments made by counsel and the applicable law, the Court denies Defendants' Motion for New Trial.

On a motion for new trial, FED. R. CRIM. P. 33(a) provides that the "court may vacate any judgment and grant a new trial if the interest of justice so requires." The Court notes that a motion for new trial requires application of a separate standard than the Defendants previously denied Motion for Judgment of Acquittal (Doc. #145). The late distinguished scholar Charles Alan Wright succinctly described the separate standards that apply to a motion for judgment of acquittal and motion for new trial as follows:

> On a motion for judgment of acquittal, the court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. If on this basis there is substantial evidence justifying an inference of guilt, the motion for acquittal must be denied.

> On a motion for new trial, however, the power of the court is much broader. It may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted.

> It has been said in older cases that on such a motion the court sits as a thirteenth juror. The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 553 (2d ed.1982) (footnotes with citations omitted); *see also* 3 WRIGHT, KING & KLEIN, FEDERAL PRACTICE AND PROCEDURE § 553 (3d ed.2004) (reprinting verbatim Professor Wright's above quoted commentary). Applying the standard applicable to a motion for new trial, the Court cannot find that the guilty verdicts returned on Count 2 of the Indictment as to Carlos Guimaraes and/or Jemima Guimaraes were contrary to the weight of the evidence or that a miscarriage of justice resulted. Accordingly, Defendant's Motion for a New Trial (Doc. #146) is DENIED.

It is so ORDERED.

JUL 0 6 2019

Date

The Honorable Alfred H. Bennett
United States District Judge